IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| ORLANDO D. DAVIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Civil Action No. 5:17-04009** |
| | ) | |
| SOUTHERN REGIONAL JAIL, | ) | |
| | ) | |
| **Defendant.** | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

PROCEDURE AND FACTS

On September 20, 2017, Plaintiff, acting *pro se*[1] and incarcerated at the Southern Regional Jail, in Beaver, West Virginia, filed his letter-form Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[2] (Document No. 2.) Specifically, Plaintiff appeared to be claiming that prison staff were providing inadequate medical care in violation of his Eighth Amendment rights. (Id.) Plaintiff named the Southern Regional Jail as the Defendant. (Id.)

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Social Services*, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Following an initial screening of Plaintiff's case, the undersigned entered an Order on September 21, 2017, directing Plaintiff to amend his Complaint to name "persons" as defendants, specifically set forth his constitutional claims, and state specific facts as to how each defendant violated his constitutional rights. (Document No. 4.) On October 13, 2017, Plaintiff filed his Amended Complaint. (Document No. 6.) Plaintiff, however, again named the Southern Regional Jail as the only Defendants. (Id.) By Order entered on December 21, 2017, the undersigned again directed Plaintiff to amend his Complaint to name "persons" as defendants, specifically set forth his constitutional claims, and state specific facts as to how each defendant violated his constitutional rights. (Document No. 9.) The undersigned further notified Plaintiff that "[f]ailure of Plaintiff to comply with the above requirements by January 22, 2018, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Plaintiff, however, has not filed his Amended Complaint or responded to the Court's Order that was entered more than one year and five months ago.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[3] See

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734

(1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because

of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald

Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority

to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the

sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local

Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the
> principal issues have been adjudicated or have become moot, or that the parties
> have shown no interest in further prosecution, the judicial officer may give notice
> to all counsel and unrepresented parties that the action will be dismissed 30 days
> after the date of the notice unless good cause for its retention on the docket is
> shown. In the absence of good cause shown within that period of time, the judicial
> officer may dismiss the action. The clerk shall transmit a copy of any order of
> dismissal to all counsel and unrepresented parties. This rule does not modify or
> affect provisions for dismissal of actions under FR Civ P 41 or any other
> authority.

Although the propriety of a dismissal "depends on the particular circumstances of the

case," in determining whether to dismiss a case involuntarily for want of prosecution, the District

Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be

applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular

circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration

---

under Rule 19 - - operates as an adjudication on the merits.

of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since December 19, 2017, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite his receipt of the Court's Order dated December 21, 2017. The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the Defendants. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for more than one year and five months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. (See Document Nos. 1 and 5.) Moreover, explicit warnings

of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's Order directing a response by Plaintiff. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document Nos. 1 and 5), **DISMISS** Plaintiff's Complaints (Document Nos. 2 and 6) without prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: June 7, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge

---

faith. *See Hanshaw*, 2014 WL 4063828, at * 5.